```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CARMINE MINGOIA, et al.,            :
                                    :
              Plaintiffs,           :   03 Civ. 7143(THK)
                                    :
                                    :   MEMORANDUM OPINION AND
                                    :          ORDER
        -against-                   :
                                    :
                                    :
CRESCENT WALL SYSTEMS, et al.,      :
                                    :
                                    :
              Defendants.           :
                                    :
------------------------------------X
```
**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This action was brought to recover delinquent employee benefit contributions, pursuant to Section 301 of the Labor Management Relations Act, 20 U.S.C. § 185, and Sections 515 and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) & 1145. The parties consented to proceed before this Court pursuant to 28 U.S.C. § 636(c). On August 23, 2004, the Court issued a Memorandum Opinion and Order ("the Opinion"), granting summary judgment in favor of Plaintiffs. See Mingoia v. Crescent Wall Sys., No. 03 Civ. 7143 (THK), 2004 WL 1885952, at *6 (S.D.N.Y. Aug. 23, 2004). The Court's Judgment, entered on September 8, 2004 ("the Judgment"), provided the following relief: 1) it permanently enjoined Defendants, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from violating the employee benefit fund contribution provisions of any collective bargaining agreement in effect between Defendants and Plaintiffs,

and required them to pay the required employee benefit fund contributions and union dues as they become due; and 2) it found Defendants jointly and severally liable to Plaintiffs for delinquent contributions, for the period between July 1, 2003 and March 15, 2004, in the amount of $37,910.13.

Plaintiffs, the trustees and fiduciaries of the Operative Plasterers' and Cement Masons' International Association ("OPCMIA"), Local 530 Welfare Fund, Apprenticeship Fund, Vacation Fund, and Training Fund ("the Funds"), and the Operative Plasterers' and Cement Masons' International Association, Local 530 AFL-CIO ("the Union"), have moved for civil contempt against Defendants Crescent Wall Systems ("Crescent") and Dennis Engelfried ("Engelfried"), an officer of Crescent, for failing to comply with the Court's Judgment. Plaintiffs claim that Defendants have: 1) failed to pay the remaining $6,536.34 on the outstanding Judgment; and 2) failed to make the required contributions for the months of September 2004 through January 2005, with an estimated delinquency in excess of $20,000.00. In order to compensate Plaintiffs for Defendants' contempt, Plaintiffs seek an order requiring Defendants to pay the $26,536.34 in contributions which they failed to pay in violation of the Judgment. Plaintiffs further request an award of attorneys' fees, in the amount of $2,762.50, incurred in filing their motion for contempt. Defendants have not opposed the motion.

**DISCUSSION**

I.  Legal Standard for Civil Contempt

"A party may be held in civil contempt for failure to comply with a court order if 1) the order the contemnor failed to comply with is clear and unambiguous, 2) the proof of noncompliance is clear and convincing, and 3) the contemnor has not diligently attempted to comply in a reasonable manner." <u>Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.</u>, 369 F.3d 645, 655 (2d Cir. 2004)(quoting <u>King v. Allied Vision, Ltd.</u>, 65 F.3d 1051, 1058 (2d Cir. 1995)). A "clear and unambiguous order" is one "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." <u>Panix Promotions, Ltd. v. Lennox Lewis</u>, No. 01 Civ. 2709(HB), 2004 WL 421937, at *2 (S.D.N.Y. Mar. 5, 2004) (quoting <u>New York State Nat'l Org. for Women v. Terry</u>, 886 F.2d 1339, 1352 (2d Cir. 1989)).

In order for a court to impose civil contempt sanctions, it need not be established that the violation was willful. <u>See Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.</u>, 885 F.2d 1, 2 (2d Cir. 1989); <u>Panix Promotions</u>, 2004 WL 421937 at * 2; <u>Yurman Design Inc. v. Chaindom Enters. Inc.</u>, No. 99 Civ. 9307 (JFK), 2003 WL 22047843, at *2 (S.D.N.Y. Aug. 29, 2003). "The fact that the prohibited act was done inadvertently or in good faith . . . does

3

not preclude a citation of civil contempt, for the sanction is remedial in nature." Independent Living Aids, Inc. v. Maxi-Aids, Inc., 349 F. Supp. 2d 509, 517 (E.D.N.Y. 2004) (quoting Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 128, n.2 (2d Cir. 1979)). The party seeking to hold the other in contempt has the burden of providing a "quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002)(citations omitted).

II. Evidence of Contempt

There can be no dispute that the Court's Judgment was clear and unambiguous. The Judgment set forth Defendants' obligations to pay their required contributions to the Funds as they became due, and to pay $37,910.13 for past due contributions.

The proof of Defendants' noncompliance is clear as well. Plaintiffs assert that Defendants have failed to pay contributions to the employee benefit funds for the period of September 2004 through January 2005. (See Affidavit of John Campanella, Funds Administrator, dated Feb. 17, 2005 ("Campanella Aff.") ¶ 3.) In addition, Plaintiffs assert that Defendants have failed to pay the remaining $6,536.34 on the outstanding Judgment for past due contributions. (See id. ¶ 3.) Defendants have not disputed these facts, thus conceding that they have failed to comply with the Judgment.

Finally, Plaintiffs have demonstrated that Defendants have not

4

"diligently attempted to comply in a reasonable manner." Defendants have failed to allow Plaintiffs access to their books and records for the purpose of conducting an audit so as to assess whether additional contribution payments are required, as called for under the parties' Collective Bargaining Agreement.[1] (See Campanella Aff. ¶ 5; Trade Agreement at 13.) Plaintiffs' auditor made attempts, on at least four occasions, to schedule an audit of Defendants' books and records, leaving telephone messages for Defendants on August 12, 2004 and September 27, 2004. (See Campanella Aff. ¶¶ 7-8.) On October 19, 2004, Plaintiffs' auditor spoke with Chris Gaudillo, an accountant for Crescent Wall Systems, and an audit was scheduled for November 16, 2004. (See id. ¶ 8.) On November 16, 2004, Plaintiffs' auditor received a message cancelling the audit and, despite a subsequent request by Plaintiffs' counsel to Defendants' counsel, on December 8, 2004, the audit was not rescheduled. (See id. ¶ 8; Notice of Motion, Ex. C.)

According to Plaintiffs, at least ten attempts by telephone, e-mail, and mail, were made to Defendants' counsel over a three-

---

[1] The Agreement states that "all contributions shall be made at such time and in such manner as the Trustees require, and the Trustees shall have authority to retain an accountant or accounting firm to perform payroll audits of the Employer to determine whether the correct amount of contributions have been made or to determine whether contributions have been made on behalf of all Employees covered by the Trade Agreement." (Collective Bargaining Agreement ("Trade Agreement"), attached as Ex. A to Notice of Motion, at 13.)

5

month period beginning in October 2004, seeking compliance with the Judgment. (See Declaration of Raquel A. Williams, dated Feb. 17, 2004 ("Williams Decl."), ¶ 8; Notice of Motion, Ex. C.) A Notice of Deposition was sent to Defendants' counsel seeking the deposition of Defendant Dennis Engelfried on November 17, 2003. (See Notice of Motion, Ex. E.) The deposition was rescheduled three times by Defendants' counsel. (See Williams Decl. ¶ 9; Notice of Motion, Ex. C.) The last communication received by Plaintiffs' counsel was a letter from Defendants' counsel, sent one day prior to the last date set for the rescheduled deposition, February 17, 2005, indicating that Engelfried "will be unable to appear for the post judgment deposition due to 'car trouble.'" (See Williams Decl. ¶ 10, Notice of Motion, Ex. E.)

Plaintiffs have thus demonstrated with clear and convincing evidence that Defendants have failed to comply with the Court's Judgment, and have failed to make a good faith effort to comply with the Judgment. Accordingly, the Court finds Defendants to be in civil contempt.

III. Remedy

If the required conditions for civil contempt are met, any sanction imposed by this Court for noncompliance must be calculated either "to coerce future compliance with the Court's order, or to compensate the complainant for losses stemming from the contemnor's past noncompliance." A.V. By Versace, Inc. v. Gianni Versace,

S.P.A., 279 F. Supp. 2d 341, 354 (S.D.N.Y. 2003)(citing United States v. United Mine Workers, 330 U.S. 258, 303-04, 67 S. Ct. 677, 701 (1947)); see also Paramedics, 369 F.3d at 657; Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996). Civil contempt sanctions may not be imposed as a punitive measure. See Paramedics, 369 F.3d at 657; Manhattan Indus., 885 F.2d at 5. "To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance." Paramedics, 369 F.3d at 657 (quoting Perfect Fit. Indus. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir. 1982)). To determine whether coercive sanctions are appropriate courts must weigh "(1) the character and magnitude of the harm threatened by the continued contumacy; 2) the probable effectiveness of any suggested sanction in bringing about compliance; and 3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." EEOC v. Local 638, 81 F.3d 1162, 1177 (2d Cir. 1996) (quoting Dole Fresh Fruit Co. United Banana Co., 821 F.2d 106, 110 (2d Cir. 1987)).

Plaintiffs seek payment of the outstanding balance of the Judgment, in the amount of $6,536.34, and payment of subsequent delinquent contributions. Plaintiffs are unable to precisely determine the amounts owed in contributions because Defendants have not submitted monthly remittance reports for the period of delinquent payments. (See Williams Decl. ¶ 4.) Plaintiffs

7

estimate, based on prior monthly obligations, that the amount is in excess of $20,000.00. (See id.; Campanella Aff. ¶ 3.)

When a contempt sanction is compensatory and paid directly to the complainant, rather than to the court, some proof of loss must be present and "the sanction should correspond at least in some degree with the amount of damages." King, 65 F.3d at 1062; see also Perfect Fit. Indus., 673 F.2d at 57 ("When the purpose is compensatory, the order should be fashioned so as to reimburse the injured party for his actual damages."). Here, Plaintiffs' Funds Administrator, John Campanella, has made a reasonable estimate of the outstanding delinquency to be a minimum of $20,000.00, for the five-month period of September 2004 through January 2005, which has not been disputed by Defendants. The estimate is modest based upon the delinquency calculated in the Opinion for the period of July 1, 2003 to March 15, 2004, which was $68,824.96, or approximately $9,000 per month.[2] See Mingoia, 2004 WL 1885952, at *3. Defendants have failed to provide any financial information to dispute Plaintiffs' estimate of the delinquent contributions. Therefore, the Court finds that $20,000.00, in addition to the Judgment obligation of $6,536.34, is a reasonable compensatory

---

[2] The Court found, for another period, that Defendants' delinquency was approximately $3,600 per month. See Mingoia, 2004 WL 1885952, at *3. Using this measure, calculated over the five-month period currently at issue, the delinquency would total $18,000, which is not significantly lower than Plaintiffs' $20,000 estimate.

8

fine. If Defendants demonstrate that their past obligations are, in fact, a lesser amount, the overpayment can be applied to obligations which came due after January 2005. To ascertain the precise amount of past due contributions, Defendants shall grant Plaintiffs' auditors access to the relevant books and records, and appear for a deposition, within thirty days of this Opinion and Order. If it is demonstrated that the $20,000.00 estimate and payment was inadequate to cover the delinquent contributions, Defendants shall remit to Plaintiffs the remainder due, within sixty days of this Opinion and Order.

IV. Attorneys' Fees

The Second Circuit has stated that a finding of willfulness strongly supports granting attorneys' fees in a civil contempt proceeding, see Weitzman 98 F.3d at 719, but the Court has also noted that whether willful contempt is a prerequisite for an attorneys' fees award remains an open question. See id. at 719 ("willfulness may not necessarily be a prerequisite to an award of fees and costs"); see also Shady Records, Inc. v. Source Enterprises, Inc., 351 F. Supp. 2d 64, 67 (S.D.N.Y. 2004)(citing North American Oil Co. v. Star Brite Distributing, Inc., No. 00-9526, 2001 WL 792643, at *2 (2d Cir. July 9, 2001); Jaeger v. Massis, No. 00-7390, 2000 WL 1678778, at *3 (2d Cir. Nov. 3, 2000)). Even without a finding of willfulness, "failure to compensate the expenses of enforcing [an] order, where the

9

defendants' behavior was genuinely, if not willfully, worthy of a contempt sanction would not only permit the offender to violate the court's order with impunity, but would leave the party that obtained the order worse off for its efforts to secure compliance with its rights and the court's command." Shady Records, 351 F. Supp. 2d at 67 (finding an award of attorneys' fees an appropriate sanction for a party held in civil contempt, whether or not the contempt was willful).

Here, Plaintiffs have not charged Defendants with willfulness in their violation of the Court's Judgment.[3] However, they reasonably could have done so. Plaintiffs have demonstrated that Defendants have not made a good faith effort to comply with the Judgment, and Defendants have offered no reasonable excuse for their noncompliance. Moreover, Defendants have given no assurances that they will comply with the Judgment in the future. In addition, under the parties' Collective Bargaining Agreement and Declaration of Trust Agreement, Defendants are obligated to pay reasonable attorneys' fees incurred in any action to compel payment of contributions in which judgment is awarded in favor of Plaintiffs. (See Trade Agreement at 19; Trust Agreement for the

---

[3] Willful contempt has been defined as where the "contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." New York State Nat'l Org. for Women v. Terry, 952 F. Supp. 1033, 1043 (S.D.N.Y. 1997), aff'd, 159 F.3d 86 (2d Cir. 1998); see also Bear U.S.A. Inc. v. William Kim, 71 F. Supp. 2d 237, 249-250 (S.D.N.Y. 1999).

OPCMIA Local 530 Welfare Fund, Article VIII, Section 2; <u>see also</u> Section 502 (g) of ERISA, 29 U.S.C. § 1132(g)(2)(D)(providing for reasonable attorneys' fees as a remedy against employers who are delinquent in contributions).) Having found Defendants in contempt, and having issued a compensatory fine enforcing the terms of the original Judgment, the Court finds that an award of attorneys' fees in this case would serve the coercive purpose of encouraging Defendants to comply with their future obligations under the Judgment, and avoid leaving Plaintiffs worse off for having sought to secure compliance with the Court's Judgment and the Collective Bargaining Agreement. Accordingly, the Court finds that Plaintiffs are entitled to reasonable attorneys' fees.

Plaintiffs have documented their legal fees and expenses incurred in filing the instant motion, in the amount of $2,762.50. (<u>See</u> Notice of Motion, Ex. D.) The amount is calculated based on Plaintiffs' counsel's customary hourly rate of $325.00. (<u>See</u> Williams Decl. ¶ 14.) Plaintiffs have also provided a computer-generated contemporaneous time record of the work performed in preparing the motion. (<u>See</u> <u>id</u>. ¶ 14; Notice of Motion, Ex. D.) The time expended and the fees sought are reasonable.

Accordingly, the Court concludes that Plaintiffs shall be compensated for their attorneys' fees in the amount of $2,762.50.

## CONCLUSION

For the reasons set forth above, the Court finds Defendants to be in civil contempt, and orders Defendants to pay to Plaintiffs:

1) the remaining $6,536.34 owed under the original Judgment;

2) $20,000.00 in past due contributions to the Funds for the period September 2004 to January 2005, and within sixty days of this Opinion and Order, any additional amounts owed for the same period; and

3) $2,762.50 in attorneys' fees.

In addition, Defendants shall grant Plaintiffs' auditors access to the relevant books and records in order to determine the precise amount of contributions due, and appear for a deposition, within thirty days of this Opinion and Order.

Although found to be in contempt of the Court's Judgment, Defendants have been ordered only to meet their existing obligations under the Judgment. Defendants are advised that they have an ongoing obligation to comply with this Court's Judgment, and any further failures to do so will result in additional sanctions.

SO ORDERED.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: April 26, 2005
New York, New York

Copies mailed to counsel:

Raquel A. Williams, Esq.
Trivella, Forte & Smith, LLP
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605

David S. Greenhaus, Esq.
Kaufman, Schneider & Bianco, LLP
390 North Broadway
Jericho, New York 11753

Anne P. Edelman, Esq.
Kaufman, Schneider & Bianco, LLP
390 North Broadway
Jericho, New York 11753